IN THE SUPREME COURT OF APPEALS OF WEST VIRGINIA

January 2014 Term

_____

No. 13-0766
_____

LARRY TABATA, SHIRLEY CHANCEY,
WILLIAM WELLS, DONALD R. HOLSTEIN, JR., AND KAY KIRK,
Plaintiffs Below, Petitioners

v.

CHARLESTON AREA MEDICAL CENTER, INC., AND
CAMC HEALTH EDUCATION AND RESEARCH INSTITUTE, INC.,
Defendants Below, Respondents

_____

Appeal from the Circuit Court of Kanawha County
Honorable James C. Stucky, Judge
Civil Action No. 11-C-524

REVERSED AND REMANDED
_____

Submitted: April 23, 2014
Filed:  May 28, 2014

Sean W. Cook, Esq.                    Marc E. Williams, Esq.
Meyer Ford Glasser & Radman           Nathan I. Brown, Esq.
Charleston, West Virginia             Jenna E. Hess, Esq.
Attorney for Petitioners              Nelson Mullins Riley &
                                      Scarborough LLP
                                      Huntington, West Virginia
                                      Attorneys for Respondents

The Opinion of the Court was delivered PER CURIAM.

JUSTICE KETCHUM dissents and reserves the right to file a dissenting opinion.

SYLLABUS BY THE COURT

1.      "This Court will review a circuit court's order granting or denying a motion for class certification pursuant to Rule 23 of the *West Virginia Rules of Civil Procedure* [1998] under an abuse of discretion standard." Syl. pt. 1, *In re W. Va. Rezulin Litigation*, 214 W. Va. 52, 585 S.E.2d 52 (2003).

2.      "Standing is comprised of three elements: First, the party attempting to establish standing must have suffered an 'injury-in-fact' – an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent and not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct forming the basis of the lawsuit. Third, it must be likely that the injury will be redressed through a favorable decision of the court." Syl. pt. 5, *Findley v. State Farm Mut. Auto. Ins. Co.*, 213 W. Va. 80, 576 S.E.2d 807 (2002).

3.      "A patient does have a cause of action for the breach of the duty of confidentiality against a treating physician who wrongfully divulges confidential information." Syl. pt. 4, *Morris v. Consolidation Coal Co.*, 191 W. Va. 426, 446 S.E.2d 648 (1994).

4.      "The right of privacy, including the right of an individual to be let alone and to keep secret his private communications, conversations and affairs, is a right

i

the unwarranted invasion or violation of which gives rise to a common law right of action for damages." Syl. pt. 1, *Roach v. Harper*, 143 W. Va. 869, 105 S.E.2d 564 (1958).

5.     "A declaration in an action for damages founded on an invasion of the right of privacy, to be sufficient on demurrer, need not allege that special damages resulted from the invasion." Syl. pt. 2, *Roach v. Harper*, 143 W. Va. 869, 105 S.E.2d 564 (1958).

6.     "An 'invasion of privacy' includes (1) an unreasonable intrusion upon the seclusion of another; (2) an appropriation of another's name or likeness; (3) unreasonable publicity given to another's private life; and (4) publicity that unreasonably places another in a false light before the public." Syl. pt. 8, *Crump v. Beckley Newspapers, Inc.*, 173 W. Va. 699, 320 S.E.2d 70 (1983).

7.     "In West Virginia, a legally protected interest in privacy is recognized. *Roach v. Harper*, 143 W. Va. 869, 105 S.E.2d 564 (1958)." Syl. pt. 2, *Cordle v. Gen. Hugh Mercer Corp.*, 174 W. Va. 321, 325 S.E.2d 111 (1984).

8.     "The party who seeks to establish the propriety of a class action has the burden of proving that the prerequisites of Rule 23 of the West Virginia Rules of Civil Procedure have been satisfied." Syl. pt. 6, *Jefferson Cnty. Bd. of Educ. v. Educ. Assoc.*, 183 W. Va. 15, 393 S.E.2d 653 (1990).

9.    "Nothing in either the language or history of Rule 23 of the *West Virginia Rules of Civil Procedure* [1998] gives a court any authority to conduct a preliminary inquiry into the merits of a suit in order to determine whether it may be maintained as a class action." Syl. pt. 6, *In re W. Va. Rezulin Litigation*, 214 W. Va. 52, 585 S.E.2d 52 (2003).

10.    "Before certifying a class under Rule 23 of the *West Virginia Rules of Civil Procedure* [1998], a circuit court must determine that the party seeking class certification has satisfied all four prerequisites contained in Rule 23(a) – numerosity, commonality, typicality, and adequacy of representation – and has satisfied one of the three subdivisions of Rule 23(b). As long as these prerequisites to class certification are met, a case should be allowed to proceed on behalf of the class proposed by the party." Syl. pt. 8, *In re W. Va. Rezulin Litigation*, 214 W. Va. 52, 585 S.E.2d 52 (2003).

11.    "The 'commonality' requirement of Rule 23(a)(2) of the *West Virginia Rules of Civil Procedure* [1998] requires that the party seeking class certification show that 'there are questions of law or fact common to the class.' A common nucleus of operative fact or law is usually enough to satisfy the commonality requirement. The threshold of "commonality" is not high, and requires only that the resolution of common questions affect all or a substantial number of the class members." Syl. pt. 11, *In re W. Va. Rezulin Litigation*, 214 W. Va. 52, 585 S.E.2d 52 (2003).

12.     "The 'typicality' requirement of Rule 23(a)(3) of the *West Virginia Rules of Civil Procedure* [1998] requires that the 'claims or defenses of the representative parties [be] typical of the claims or defenses of the class.' A representative party's claim or defense is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members, and if his or her claims are based on the same legal theory. Rule 23(a)(3) only requires that the class representatives' claims be typical of the other class members' claims, not that the claims be identical. When the claim arises out of the same legal or remedial theory, the presence of factual variations is normally not sufficient to preclude class action treatment." Syl. pt. 12, *In re W. Va. Rezulin Litigation*, 214 W. Va. 52, 585 S.E.2d 52 (2003).

Per Curiam:

The petitioners herein and plaintiffs below appeal the June 24, 2013, order of the Circuit Court of Kanawha County that denied their motion for class certification in their action against Respondents Charleston Area Medical Center, Inc. (hereinafter "CAMC") and CAMC Health Education and Research Institute, Inc. (hereinafter "CAMC Health Foundation"). The petitioners alleged below that the respondents are responsible for placing the petitioners' personal and medical information on a specific CAMC electronic database and website which was accessible to the public. After reviewing the parties' arguments, the circuit court's order, and relevant portions of the appendix, we reverse and remand for proceedings consistent with this opinion.

## I. FACTS

In February 2011, the petitioners and other patients of CAMC received a letter from CAMC notifying them that certain of their personal and medical information contained on a database operated by CAMC accidentally was placed on the Internet. According to the respondents, this database "contained the names, contact details, Social Security numbers, and dates of birth of 3,655 patients, along with certain basic respiratory care information." The respondents explained that this information could be exposed if someone were to conduct an advanced internet search. In addition, the

1

respondents offered all the patients whose data was potentially exposed a full year of credit monitoring at CAMC's cost.[1]

Subsequently, the petitioners and plaintiffs below, Larry Tabata, William Wells, Donald R. Holstein, Jr., Kay Kirk, and Shirley Chancey, filed an action in the Circuit Court of Kanawha County individually and on behalf of a class of persons similarly situated against Respondents CAMC and CAMC Health Foundation for the placement of their personal and medical information on the Internet.[2] In their complaint, the petitioners asserted causes of action for breach of duty of confidentiality; invasion of privacy – intrusion upon the seclusion of the petitioners; invasion of privacy – unreasonable publicity into the petitioners' private lives; and negligence. The petitioners also filed a motion for class certification pursuant to Rule 23 of the West Virginia Rules of Civil Procedure in which they alleged that they are members of a class that consists of at least 3,655 individuals.

Discovery revealed that the petitioners and respondents are not aware of any unauthorized and malicious users attempting to access or actually accessing their information, and they are not aware of any of the 3,655 affected patients having any

---

[1] It appears that the information remained on the Internet from September 2010 until February 2011.

[2] The petitioners originally filed their complaint in March 2011. They then filed an amended complaint in December 2011, in which they added CAMC Health Foundation as a named defendant.

actual or attempted identity theft. Further, the petitioners have not suffered any property injuries or sustained any actual economic losses. Finally, the petitioners are not aware if any other potential class members have sustained such injuries.

In its June 24, 2013, order denying class certification, the circuit court found that the petitioners have not met their burden of showing commonality, typicality, and predominance of common issues of law or fact for the purposes of class certification under Rule 23 of the *West Virginia Rules of Civil Procedure.* Significantly, the circuit court also found that the petitioners lack standing to bring their claims because they have failed to show that they have suffered a concrete and particularized injury that is not hypothetical or conjectural. The petitioners now appeal the circuit court's order denying class certification.

## II. STANDARD OF REVIEW

The circuit court determined below that the petitioners do not have standing to sue the respondents. The question of standing is a legal issue which this Court reviews *de novo. See Zikos v. Clark*, 214 W. Va. 235, 237, 588 S.E.2d 400, 402 (2003) (stating that standing is a "legal matter[] subject to de novo review in this Court").

The circuit court also found that the petitioners do not meet the prerequisites for class certification under Rule 23 of the Rules of Civil Procedure. This issue is governed by this Court's opinion in *In re W. Va. Rezulin Litigation*, 214 W. Va.

3

52, 585 S.E.2d 52 (2003), which is the definitive law of this Court on class certification under Rule of Civil Procedure 23.[3] With regard to our review of the circuit court's ruling on class certification, we held in syllabus point 1 of *Rezulin* that "[t]his Court will review a circuit court's order granting or denying a motion for class certification pursuant to Rule 23 of the *West Virginia Rules of Civil Procedure* [1998] under an abuse of discretion standard." With these standards in mind, we now proceed to address the issues in this case.

## III. DISCUSSION

### *A. Standing*

The threshold inquiry for this Court's consideration is whether the circuit court erred in finding that the petitioners, as named plaintiffs below, lack standing. This Court has defined standing as "[a] party's right to make a legal claim or seek judicial enforcement of a duty or right." *Findley v. State Farm Mut. Auto. Ins. Co.*, 213 W. Va. 80, 94, 576 S.E.2d 807, 821 (2002), *quoting* Black's Law Dictionary 1413 (7th ed. 1999). With regard to the elements of standing, we have held:

> Standing is comprised of three elements: First, the party attempting to establish standing must have suffered an "injury-in-fact" – an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent and not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct forming the basis of the lawsuit. Third, it must be

---

[3] The circuit court's findings and the respondents' assertions that this Court has modified its holdings in *Rezulin* are inaccurate.

4

likely that the injury will be redressed through a favorable decision of the court.

Syl. pt. 5, *Id.*

The circuit court determined that the petitioners lack standing because they have not suffered a concrete and particularized injury. The circuit court's determination is based in substantial part on the petitioners' contention below that the common injury that they share with the proposed class members is the increased risk of future identity theft. The circuit court reasoned that a prospective injury does not meet the requirement for standing of a concrete injury but rather is conjectural.

We agree with the circuit court that the risk of future identity theft alone does not constitute an injury in fact for the purpose of showing standing. However, in their complaint, the petitioners also asserted causes of action for breach of confidentiality and invasion of privacy. This Court recognized a cause of action for a doctor's breach of confidentiality in syllabus point 4 of *Morris v. Consolidation Coal Co.*, 191 W. Va. 426, 446 S.E.2d 648 (1994), in which we held that "[a] patient does have a cause of action for the breach of the duty of confidentiality against a treating physician who wrongfully divulges confidential information." *See also* syl. pt. 3, *R.K. v. St. Mary's Med. Ctr., Inc.*, 229 W. Va. 712, 735 S.E.2d 715 (2012) (holding that "[c]ommon law tort claims based upon the wrongful disclosure of medical or personal health information are not preempted by the Health Insurance Portability and Accountability Act of 1996"). In

5

recognizing this cause of action, this Court in *Morris* quoted with approval the following language:

> [I]n addition to the duty of secrecy, there arises the duty of undivided loyalty. Should a doctor breach either of these two duties, the law must afford the patient some legal recourse against such perfidy. We should not suffer a wrong without a remedy, especially when the wrong complained of involves the abuse of a fiduciary position.[4]

*Morris*, 191 at 432, 446 S.E.2d at 654, *quoting Hammonds v. Aetna Cas. & Sur. Co.*, 243 F. Supp. 793, 799 (N.D. Ohio 1965) (additional citations omitted) (footnote added).

Applying our law on standing to the petitioner's breach of confidentiality claim, we find that the petitioners, as patients of CAMC, have a legal interest in having their medical information kept confidential. In addition, this legal interest is concrete, particularized, and actual. When a medical professional wrongfully violates this right, it is an invasion of the patient's legally protected interest. Therefore, the petitioners and the proposed class members have standing to bring a cause of action for breach of confidentiality against the respondents.

In addition, the petitioners allege a cause of action for invasion of privacy. In syllabus point 1 of *Roach v. Harper*, 143 W. Va. 869, 105 S.E.2d 564 (1958), this Court held that "[t]he right of privacy, including the right of an individual to be let alone

---

[4] In syllabus point 1 of *State ex rel. Kitzmiller v. Henning*, 190 W. Va. 142, 437 S.E.2d 452 (1993), this Court held that "[a] fiduciary relationship exists between a physician and a patient."

and to keep secret his private communications, conversations and affairs, is a right the unwarranted invasion or violation of which gives rise to a common law right of action for damages." Significantly, in syllabus point 2 of *Roach*, this Court held that "[a] declaration in an action for damages founded on an invasion of the right of privacy, to be sufficient on demurrer, need not allege that special damages resulted from the invasion." More recently, this Court has held that "[a]n 'invasion of privacy' includes (1) an unreasonable intrusion upon the seclusion of another; (2) an appropriation of another's name or likeness; (3) unreasonable publicity given to another's private life; and (4) publicity that unreasonably places another in a false light before the public." Syl. pt. 8, *Crump v. Beckley Newspapers, Inc.*, 173 W. Va. 699, 320 S.E.2d 70 (1984). Finally, we indicated in syllabus point 2 of *Cordle v. Gen. Hugh Mercer Corp.*, 174 W. Va. 321, 325 S.E.2d 111 (1984), that "[i]n West Virginia, a legally protected interest in privacy is recognized. *Roach v. Harper*, 143 W. Va. 869, 105 S.E.2d 564 (1958)."

Application of our law to the facts of this case indicates that the petitioners have standing to bring a cause of action for invasion of privacy. The petitioners and proposed class members have a legal interest in privacy which is concrete, particularized, and actual. Therefore, they have standing to bring a cause of action against the respondents for the alleged invasion of that legal interest.

7

*B. Prerequisites of Class Certification*

Having determined that the petitioners have standing to bring causes of action for breach of confidentiality and invasion of privacy, we now turn our attention to the circuit court's determination that the petitioners failed to show the requirements for bringing a class action.

In addressing this issue, we first note that "[t]he party who seeks to establish the propriety of a class action has the burden of proving that the prerequisites of Rule 23 of the West Virginia Rules of Civil Procedure have been satisfied." Syl. pt. 6, *Jefferson Cty. Bd. of Educ. v. Educ. Ass'n*, 183 W. Va. 15, 393 S.E.2d 653 (1990). We are also mindful that

> [n]othing in either the language or history of Rule 23 of the *West Virginia Rules of Civil Procedure* [1998] gives a court any authority to conduct a preliminary inquiry into the merits of a suit in order to determine whether it may be maintained as a class action.

Syl. pt. 6, *In re W. Va. Rezulin Litigation*, 214 W. Va. 52, 585 S.E.2d 52 (2003).[5] Finally,

> Before certifying a class under Rule 23 of the *West Virginia Rules of Civil Procedure* [1998], a circuit court must determine that the party seeking class certification has satisfied all four prerequisites contained in Rule 23(a)[6] –

---

[5] During oral argument before this Court, counsel for CAMC and CAMC Health Foundation argued that the petitioners are not able to show that their private information was publicized for the purpose of an invasion of privacy claim because discovery revealed that no unauthorized users have accessed the website on which the private information appeared. While such evidence certainly is relevant to the merits of the petitioner's claims, it is not pertinent to the issue of class certification.

[6] Rule of Civil Procedure 23(a) provides:

numerosity, commonality, typicality, and adequacy of representation – and has satisfied one of the three subdivisions of Rule 23(b).[7] As long as these prerequisites to

> One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

[7] According to Rule 23(b):

> An action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and in addition:
> (1) The prosecution of separate actions by or against individual members of the class would create a risk of
> (A) Inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class, or
> (B) Adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests; or
> (2) The party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relieve [sic] or corresponding declaratory relief with respect to the class as a whole; or
> (3) The court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to the findings include: (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of

9

class certification are met, a case should be allowed to proceed on behalf of the class proposed by the party.

Syl. pt. 8, *Id.* (footnote added). In the instant case, the circuit court found that the petitioners failed to show that they have satisfied the requirements of Rule 23 for the certification of their proposed class. Specifically, the circuit court found that the petitioners failed to meet the requirements of commonality and typicality in Rule 23(a) and the requirement of predominance of common issues of law or fact under Rule 23(b). This Court will now proceed to address each of these prerequisites.

### 1. Commonality

First, the circuit court found that the petitioners have failed to show commonality among the claims of the petitioners and the proposed class members. In syllabus point 11 of *Rezulin*, 214 W. Va. 52, 585 S.E.2d 52, this Court held:

> The "commonality" requirement of Rule 23(a)(2) of the *West Virginia Rules of Civil Procedure* [1998] requires that the party seeking class certification show that "there are questions of law or fact common to the class." A common nucleus of operative fact or law is usually enough to satisfy the commonality requirement. The threshold of "commonality" is not high, and requires only that the resolution of common questions affect all or a substantial number of the class members.

We further explained in *Rezulin* that

> [c]ommonality requires that class members share a single common issue. However, not every issue in the case

---

concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action.

10

must be common to all class members. The common questions need be neither important nor controlling, and one significant common question of law or fact will satisfy this requirement. In other words, the class as a whole must raise at least one common question of law or fact to make adjudication of the issues as a class action appropriate to conserve judicial and private resources.

214 W. Va. at 67, 585 S.E.2d at 67 (quotations, brackets, and citations omitted). This Court finds that in the instant case the claims of the petitioners and the proposed class members arise from the same set of facts and are governed by the same law. Further, there are common questions such as whether the respondents' conduct breached the duty of confidentiality that a doctor owes a patient and whether the conduct invaded the privacy of the petitioners and the proposed class members. Having found the existence of a common nucleus of operative fact and law and common issues, we believe that the circuit court abused its discretion in determining that the petitioners failed to meet the commonality requirement for class certification.

### 2. Typicality

The circuit court also found that the lack of typicality prevents class certification. In syllabus point 12 of *Rezulin*, this Court held:

The "typicality" requirement of Rule 23(a)(3) of the *West Virginia Rules of Civil Procedure* [1998] requires that the "claims or defenses of the representative parties [be] typical of the claims or defenses of the class." A representative party's claim or defense is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members, and if his or her claims are based on the same legal theory. Rule 23(a)(3) only requires that the class representatives' claims be typical

11

of the other class members' claims, not that the same be identical. When the claim arises out of the same legal or remedial theory, the presence of factual variations is normally not sufficient to preclude class action treatment.

214 W. Va. 52, 585 S.E.2d 52. As a practical matter, this case fits the definition of typicality between the petitioners and proposed class members. The petitioners' claims arise from the same event that gives rise to the claims of the proposed class members which is the disclosure by the respondents of petitioners' personal and medical information on the Internet. Also, the claims of the petitioners and proposed class members are based on the same legal theories: breach of confidentiality and invasion of privacy. Therefore, this Court concludes that the circuit court erred in finding that the petitioners failed to meet the typicality requirement for class certification under Rule of Civil Procedure 23(a)(2).

### 3. Predominance of Common Issues of Law or Fact

Last, the circuit court found that individual issues regarding damages, causation, and adequate remedies will predominate over common issues of law or fact at trial so that Rule 23(b)(3) is not met. Regarding the issue of predominance of issues, this Court has explained:

> The predominance criterion in Rule 23(b)(3) is a corollary to the "commonality" requirement found in Rule 23(a)(2). While the "commonality" requirement simply requires a showing of common questions, the "predominance" requirement requires a showing that the common questions of law or fact outweigh individual questions.

12

> A conclusion on the issue of predominance requires an evaluation of the legal issues and the proof needed to establish them. As a matter of efficient judicial administration, the goal is to save time and money for the parties and the public and to promote consistent decisions for people with similar claims. The predominance requirement is not a rigid test, but rather contemplates a review of many factors, the central question being whether adjudication of the common issues in the particular suit has important and desirable advantages of judicial economy compared to all other issues, or when viewed by themselves.

*Rezulin*, 214 W. Va. at 71-72, 585 S.E.2d at 71-72 (quotations and citations omitted). When this Court applies these guidelines to the instant facts, it is clear that common issues of law predominate over individual questions. Simply put, all of the proposed class members are in the same position. Their causes of action are the same and they arise from the same event. Also, there is no evidence of unauthorized access of their personal and medical information, no evidence of actual identity theft, and no evidence of economic injury arising from the alleged wrongdoing. Rather, all of the proposed class members allege that their interests in confidentiality and privacy have been wrongfully invaded by the respondents. Therefore, this Court finds that common questions of law and fact predominate over individual issues for the purpose of class certification under Rule 23(b)(3).

In sum, we underscore that the scope of this opinion is narrow. We hold only that the circuit court erred in finding that the petitioners lack standing and that the circuit court abused its discretion in ruling that the petitioners failed to meet the requirements for class certification of commonality, typicality, and the predominance of

13

common issues of law or fact. This Court makes absolutely no determination regarding the merits or the lack thereof of the petitioners' causes of action for breach of confidentiality and invasion of privacy such as whether the petitioners have adduced evidence sufficient to prove the elements of these causes of action.

## IV. CONCLUSION

For the reasons set forth above, this Court reverses the June 24, 2013, order of the Circuit Court of Kanawha County that denied the petitioners' motion for class certification, and we remand this case to the circuit court for proceedings consistent with this opinion.

Reversed and remanded.